IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 14-cv-03402-GPG

DERIC VAN FLEET,

    Plaintiff,

v.

LT. WRIGHT, and
LT. KARR,

    Defendants.

## ORDER OF DISMISSAL

    Plaintiff, Deric Van Fleet, is a prisoner in the custody of the Colorado Department of Corrections at the Sterling Correctional Facility in Sterling, Colorado. Mr. Van Fleet initiated this action by filing *pro se* a Prisoner Complaint (ECF No. 1) pursuant to 42 U.S.C. § 1983. On December 19, 2014, Magistrate Judge Gordon P. Gallagher entered an order (ECF No. 5) directing Mr. Van Fleet to file an amended complaint that complies with the pleading requirements of the Federal Rules of Civil Procedure. Magistrate Judge Gallagher specifically determined that Mr. Van Fleet failed to provide a short and plain statement of his claim or claims showing he is entitled to relief because he failed to identify the specific claim or claims he was asserting. On January 12, 2015, Mr. Van Fleet filed an amended Prisoner Complaint (ECF No. 6).

    Mr. Van Fleet has been granted leave to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915. Therefore, the Court must dismiss the action if Mr. Van Fleet's claims are frivolous. *See* 28 U.S.C. § 1915(e)(2)(B)(i). A legally frivolous claim is one

in which the plaintiff asserts the violation of a legal interest that clearly does not exist or asserts facts that do not support an arguable claim. See Neitzke v. Williams, 490 U.S. 319, 327-28 (1989). For the reasons stated below, the Court will dismiss the action as legally frivolous.

The Court must construe the amended Prisoner Complaint liberally because Mr. Van Fleet is not represented by an attorney. See Haines v. Kerner, 404 U.S. 519, 520-21 (1972); Hall v. Bellmon, 935 F.2d 1106, 1110 (10th Cir. 1991). If the amended Prisoner Complaint reasonably can be read "to state a valid claim on which the plaintiff could prevail, [the Court] should do so despite the plaintiff's failure to cite proper legal authority, his confusion of various legal theories, his poor syntax and sentence construction, or his unfamiliarity with pleading requirements." Hall, 935 F.2d at 1110. However, the Court should not be an advocate for a pro se litigant. See id.

Mr. Van Fleet is suing Defendants because they misplaced his personal property while he was in segregation. He specifically alleges that Defendants had possession of his property before he was placed in segregation and that, after he was released from segregation, "[a] lot of my property came up missing [d]ue to Lt. Wright and Lt. Karr's negligence." (ECF No. 6 at 3.) The missing property includes shampoo, razors, a mirror, coffee, personal letters, colored pencils, drawings, a drawing tablet, dentures, and stamps. Mr. Van Fleet also alleges that Defendants went through his legal work outside of his presence and without his consent and that some of his legal work for another lawsuit is missing. Although Mr. Van Fleet still fails to identify the specific constitutional claims he is asserting in this action, the Court construes the amended Prisoner Complaint liberally as asserting a both a due process property deprivation

claim and an access to the courts claim.

The Court first will address the due process claim. The United States Constitution guarantees due process only when a person is to be deprived of life, liberty, or property. *See Templeman v. Gunter*, 16 F.3d 367, 369 (10th Cir. 1994). Although Mr. Van Fleet alleges that he was deprived of personal property, he fails to allege facts that demonstrate he was deprived of a constitutionally protected property interest without adequate due process.

First, if the personal property that is the subject of Mr. Van Fleet's due process claim was contraband, Mr. Van Fleet does not have a protected property interest. *See Steffey v. Orman*, 461 F.3d 1218, 1221-23 (10th Cir. 2006); *Kunze v. Bertsch*, 477 F. Supp.2d 1038, 1053 (D.N.D. 2007). Thus, if the personal property was contraband, Mr. Van Fleet is not entitled to any procedural protections under the Due Process Clause.

Second, even assuming the personal property was not contraband under the relevant prison regulations and that Mr. Van Fleet was deprived of a constitutionally protected interest in that property, the due process claim still fails. According to Mr. Van Fleet, his property was lost as a result of Defendants' negligence. (*See* ECF No. 6 at 3.) Therefore, there is no constitutional violation. *See Daniels v. Williams*, 474 U.S. 327, 328 (1986) (concluding that "the Due Process Clause is simply not implicated by a *negligent* act of an official causing unintended loss of or injury to life, liberty, or property").

Third, even if the Court were to assume Mr. Van Fleet intentionally was deprived of his personal property, he fails to demonstrate the absence of an adequate postdeprivation remedy. "[N]either negligent nor intentional deprivations of property

3

under color of state law that are random and unauthorized give rise to a § 1983 claim where the plaintiff has an adequate state remedy . . . ." *Gillihan v. Shillinger*, 872 F.2d 935, 939 (10th Cir. 1989), *overruled on other grounds by Clark v. Wilson*, 625 F.3d 686, 691 (10th Cir. 2010); *see also Hudson v. Palmer*, 468 U.S. 517, 533 (1984) (holding that an unauthorized intentional deprivation of property by a state employee does not violate due process if an adequate postdeprivation remedy for the loss is available).

A prison grievance procedure is an adequate postdeprivation remedy if the grievance procedure provides a meaningful remedy. *See Hudson*, 468 U.S. at 536 & n.15; *Williams v. Morris*, 697 F.2d 1349, 1351 (10th Cir. 1982) (per curiam). According to the DOC grievance procedure, which is available on the DOC website, the definition of "remedy" includes "restoration of or restitution for property." *See* DOC Administrative Regulation 850-4, Grievance Procedure at III.J. Mr. Van Fleet does not allege facts that demonstrate the DOC grievance procedure was unresponsive or inadequate in any way. *See Durre v. Dempsey*, 869 F.2d 543, 548 (10th Cir. 1989) ("In order to state a [due process] claim under § 1983 [for intentional deprivation of property], a complaint must allege facts sufficient to show deprivation, in this case the lack of an adequate state remedy."). Therefore, the Court finds that the DOC grievance procedure provides a meaningful remedy with respect to Mr. Van Fleet's property deprivation claim. The fact that Mr. Van Fleet did not obtain the relief he sought through the DOC grievance procedure is not sufficient to show that the process was unavailable or inadequate. *See Allen v. Reynolds*, 475 F. App'x 280, 283 (10th Cir. 2012).

In addition, even if the DOC grievance procedure is not an adequate postdeprivation remedy, the Court also must consider whether an adequate

postdeprivation remedy exists in state court. *See, e.g., Cooper v. Belcher*, 2010 WL 3359709 at *15 (D. Colo. Aug. 25, 2010) (unpublished) (noting that "[a]dequate state remedies are not limited to the filing of grievances, but include filing complaints in state court."). Mr. Van Fleet does not allege any facts that demonstrate he lacks an adequate remedy in state court.

For these reasons, the Court finds that Mr. Van Fleet cannot state an arguable due process claim based on the alleged loss of his personal property while he was in segregation.

The Court next will address Mr. Van Fleet's access to the courts claim premised on his allegation that Defendants went through his legal work outside of his presence and without his consent and that some of his legal work for another lawsuit was missing when he was released from segregation. Mr. Van Fleet does not identify the specific legal work that was read or missing and he does not identify the other lawsuit to which he refers.

"[T]he fundamental constitutional right of access to the courts requires prison authorities to assist inmates in the preparation and filing of meaningful legal papers by providing prisoners with adequate law libraries or adequate assistance from persons trained in the law." *Bounds v. Smith*, 430 U.S. 817, 828 (1977). Furthermore, prison officials may not impede a prisoner's efforts to access the courts. *See Green v. Johnson*, 977 F.2d 1383, 1389-90 (10th Cir. 1992). However, a prisoner's access to the courts claim lacks merit in the absence of an actual injury in the prisoner's ability to pursue a nonfrivolous legal claim. *See Lewis v. Casey*, 518 U.S. 343, 349-55 (1996); *Penrod v. Zavaras*, 94 F.3d 1399, 1403 (10th Cir. 1996) (per curiam).

Mr. Van Fleet fails to allege specific facts that demonstrate he suffered any actual injury caused by Defendants going through his legal work outside of his presence and without his consent or as a result of his missing legal work.  In other words, he fails to identify any nonfrivolous legal claim he was unable to pursue.

Merely making vague and conclusory allegations that his federal constitutional rights have been violated does not entitle a *pro se* pleader to a day in court, regardless of how liberally the court construes such pleadings.  See *Ketchum v. Cruz*, 775 F. Supp. 1399, 1403 (D. Colo. 1991), *aff'd*, 961 F.2d 916 (10th Cir. 1992).  "[I]n analyzing the sufficiency of the plaintiff's complaint, the court need accept as true only the plaintiff's well-pleaded factual contentions, not his conclusory allegations."  *Hall*, 935 F.2d at 1110.  Furthermore, the general rule that *pro se* pleadings must be construed liberally has limits and "the court cannot take on the responsibility of serving as the litigant's attorney in constructing arguments and searching the record."  *Garrett v. Selby Connor Maddux & Janer*, 425 F.3d 836, 840 (10th Cir. 2005).

In the order directing Mr. Van Fleet to file an amended complaint Magistrate Judge Gallagher specifically advised Mr. Van Fleet that he must identify the specific federal claims he is asserting and the specific factual allegations that support each claim.  See *Nasious v. Two Unknown B.I.C.E. Agents*, 492 F.3d 1158, 1163 (10th Cir. 2007).  Despite these instructions, Mr. Van Fleet fails to allege specific facts that demonstrate his constitutional right of access to the courts has been violated.  Therefore, the access to the courts claim also is legally frivolous and must be dismissed.

In summary, the Court finds that Mr. Van Fleet's allegations in the amended

Prisoner Complaint do not support an arguable claim for relief.  Therefore, the amended Prisoner Complaint will be dismissed as legally frivolous.  Furthermore, the Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith and therefore *in forma pauperis* status will be denied for the purpose of appeal.  *See Coppedge v. United States*, 369 U.S. 438 (1962).  If Plaintiff files a notice of appeal he also must pay the full $505 appellate filing fee or file a motion to proceed *in forma pauperis* in the United States Court of Appeals for the Tenth Circuit within thirty days in accordance with Fed. R. App. P. 24.  Accordingly, it is

ORDERED that the Prisoner Complaint, the amended Prisoner Complaint, and the action are dismissed as legally frivolous pursuant to 28 U.S.C. § 1915(e)(2)(B)(i).  It is

FURTHER ORDERED that leave to proceed *in forma pauperis* on appeal is denied without prejudice to the filing of a motion seeking leave to proceed *in forma pauperis* on appeal in the United States Court of Appeals for the Tenth Circuit.

DATED at Denver, Colorado, this  23rd  day of     January     , 2015.

BY THE COURT:

   s/Lewis T. Babcock
LEWIS T. BABCOCK, Senior Judge
United States District Court